IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Anthony Sarratt, a/k/a Michael A. Sarratt, a/k/a Goddess Shuggar Sarratt, a/k/a Loretta Shuggar Paris,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>Bryan P. Stirling, South Carolina Department of Corrections, William Langdon, Sgt. Shawanda Washington, Yvonne Walkens-Smith, Kenneth L. James, Netra Adams, FNU Smith, FNU McDuffy, FNU James, FNU Stonebreaker, SNU Ray, FNU Hubbard, Officer FNU Keith, Officer FNU Delk,  )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants.  )<br>_____ ) | Case No 8:24-cv-05909-DCC<br><br><br><br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's motion to proceed in forma pauperis. ECF No. 2. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown ald for pre-trial proceedings and a Report and Recommendation ("Report"). On November 6, 2024, the Magistrate Judge issued a Report recommending that the motion for leave to proceed in forma pauperis be denied and that Plaintiff be directed to pay the full filing fee within 21 days. ECF No. 10. The Magistrate Judge advised Plaintiff of the procedures

and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff filed objections to the Report.[1] ECF No. 12.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Upon de novo consideration of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff, an incarcerated person proceeding pro se, has previously filed at least three cases which qualify as a strike under the Prison Litigation Reform Act, 29 U.S.C. § 1915(g) ("PLRA"). She therefore cannot proceed in forma pauperis unless

---

[1] Plaintiff has also filed two letters. ECF Nos. 14, 17. The letters have been considered as supplements to the objections.

she satisfies the exception for "imminent danger of serious physical injury" provided by the three-strikes rule. *See id.*; *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010). As explained in more detail by the Magistrate Judge, to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Further, allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, C/A No. 9:06-cv-00812-LEK-DEP, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."); *Riches v. Harrelson*, C/A No. 6:08-cv-0685-MBS, 2008 WL 1744603, at *3 (D.S.C. Apr. 10, 2008).

In the complaint, objections, and supplements Plaintiff makes essentially two arguments regarding imminent danger. First, she contends that she is inherently in imminent danger because she is in a male dorm. However, these claims do not rise above speculation. She references one concrete example where she felt threatened by another inmate; however, that incident was dealt with and did not pose a continued threat of imminent danger at the time she filed the complaint. Thus, this allegation fails to satisfy the imminent danger exception of § 1915(g).

Next, Plaintiff makes assertions regarding the potential for self-harm if Defendants continue to deny her gender affirming care or access to female grooming products. Most of her allegations concern the general propensity that people denied gender affirming

3

care have to engage in self-harm. However, she does state that "continued denial of adequate medical care is pushing her towards self-harm and possible suicidality as her deformities are increasing her disability of gender dysphoria that becomes worse going untreated." ECF No. 17 at 2. Plaintiff is correct that denial of adequate medical care can be sufficient to establish imminent danger under § 1915(g). However, in this case, the Court finds that her allegations are too general and hypothetical. Moreover, courts in this circuit have held that "[a]n inmate cannot create the imminent danger. In other words, [she] may not use an allegation of self-harm as an imminent danger to bypass § 1915(g)." *Springer v. Anderson*, C/A No. 7:22-cv-00663, 2022 WL 17292160, at *2. *See also Sunshine v. Searls*, No. 5:21-cv-164, 2021 WL 4304696, at *1 (N.D.W. Va. Sept. 21, 2021) (denying a plaintiff's motion to proceed ifp on where the plaintiff alleged they were being denied adequate medical care to treat their gender dysphoria); *Washington v. Jones*, No. 3:23-CV-24756-LC-HTC, 2023 WL 9604643, at *1 (N.D. Fla. Dec. 26, 2023), *report adopted,* 2024 WL 554138 (N.D. Fla. Feb. 12, 2024) (finding that the plaintiff failed to establish imminent danger where "[the p]laintiff argues he is 'in imminent danger of serious bodily injury' because of suicidal ideations related to gender dysphoria."); *Paige v. Young*, No. 2:23-CV-00068, 2023 WL 7414628, at *3 (S.D.W. Va. Nov. 9, 2023), *appeal dismissed,* No. 23-7205, 2024 WL 2801099 (4th Cir. Feb. 13, 2024) ("Without facts to substantiate Plaintiff's claims, they are mere conclusory allegations insufficient to invoke the three-strikes rule's exception for imminent danger of serious physical injury."). Thus, Plaintiff is ineligible to proceed without prepayment of the filing fee under the imminent danger exception to § 1915(g).

4

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Plaintiff's motion to proceed in forma pauperis [2] is **DENIED**. Plaintiff is **DIRECTED** to pay the full filing fee $405[2] within 21 days of the date of this Order. If Plaintiff chooses not to pay the filing fee by that time, this matter shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 21, 2025
Spartanburg, South Carolina

---

[2] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. On December 1, 2023, the administrative filing fee increased to $55. Any check for the filing fee should be made payable to "Clerk, U.S. District Court."